IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAIKP A. MALLORY, PE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION FILE** |
| | ) | **NO.:** |
| INTUITIVE SURGICAL, INC., | ) | |
| a/k/a INTUITIVE SURGICAL 1129.01, | ) | |
| | ) | **Plaintiff demands a jury trial** |
| **Defendant.** | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Jaikp A. Mallory (hereinafter "Plaintiff"), hereby files this

Complaint against Defendant Intuitive Surgical, Inc., a/k/a Intuitive Surgical

1129.01, showing this Court the following as his Complaint:

1.

This is an action brought pursuant to 1) Title VII, 42 U.S.C. §2000e et seq.,

for employment discrimination against Plaintiff based upon skin color, national

origin, and race and for retaliation by Intuitive Surgical against Plaintiff for his

complaining about the employment discrimination at issue, 2) Title I of the

Americans with Disability Act of 1990, 42 U.S.C. §12111 et seq., for employment

discrimination based on disability by Intuitive Surgical, and for retaliation by Intuitive Surgical for his complaining about the discrimination at issue, and 3) the Family and Medical Leave Act, 29 U.S.C. §2601 et seq., for violating the terms of his medical leave and for retaliation against him for taking medical leave.

2.

Plaintiff is a dark skinned, black male.

3.

At all relevant times pertaining to the claims asserted in this Complaint, Plaintiff was an employee of Intuitive Surgical based in Georgia.

4.

Intuitive Surgical is a foreign limited liability company with its headquarters in Sunnyvale, California, registered to do business in Georgia. It may be served with process in this case upon its registered agent CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046-4805.

5.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter involves a federal question under Title VII.

6.

The Norther District of Georgia, Atlanta Division, is the proper venue for

this action pursuant to 28 U.S.C. §§1331 and 1391 because this is the District and Division in which Plaintiff worked for Intuitive Surgical.

7.

Plaintiff worked for Intuitive Surgical as a Supply Engineering Manager and his immediate supervisor was Alejandro de la Fuente Vornbrock, the Director of Supply and Engineering, presenting as a white male.

8.

From the beginning of Plaintiff's employment by Intuitive Surgical, Vornbrock gave Plaintiff negative performance reviews that were not based on any actual metrics and were based solely on Vornbrock's bias against Plaintiff on account of Plaintiff's skin color and race, despite the fact that Plaintiff received positive feedback from management, participated in accelerated training programs, and was regularly praised for his performance by co-workers and stakeholders he interacted with.

9.

Beginning in 2023, it became clear to Plaintiff that Vornbrock was engaged in a practice of discrimination in favor of Caucasian and lighter skinned and male employees, against darker skinned and non-Caucasian employees, and he sought Plaintiff's participation in enforcing this practice with Plaintiff's direct reports.

Plaintiff refused to participate in this conduct, and Vornbrock began identifying Plaintiff's refusal to follow Vornbrock's directives as a cause for disciplining Plaintiff.

10.

Vornbrock targeted Plaintiff's direct reports, including a Hispanic female who requested reasonable accommodations for her disability and a dark skinned black female who asked for time off for holiday. In those cases as well as others, Vornbrock demanded that Plaintiff discipline or terminate the employee, and when Plaintiff refused, Vornbrock disciplined Plaintiff by giving Plaintiff a negative performance review based on false data and information.

11.

In May and July 2023, Plaintiff reported his concerns about Vornbrock's discriminatory and retaliatory practices to Intuitive Surgical Human Resources, but no action was taken by Intuitive Surgical to stop Vornbrock's campaign.

12.

In September and October 2023, Plaintiff stood up for a woman of foreign national origin who was being overworked by Vornbrock and who was being harassed by Vornbrock, and Plaintiff was then berated by Vornbrock for defending her.

13.

In January 2024, Plaintiff was lectured by Vornbrock because one of Plaintiff's black women direct reports attended a company approved AftoTech conference on technology. Vornbrock disagreed with the employee taking time away from the job for black events. He falsely blamed the Plaintiff's for submitting the time away incorrectly and for exceeding budget. However, both claims were incorrect. For an event organized by white employees at Seascape Resort, exceeding the standard room budget was not an issue for Vornbrock.

14.

Despite Vornbrock's harassment of Plaintiff, Intuitive Surgical awarded Plaintiff with a significant raise and bonus in the first quarter of 2024 at the request and approval of Nhut Diep, Senior Director of Supplier Engineering, and Plaintiff was invited by senior leadership in the company to participate in the Leaders in Action program and a Managers' Acceleration training program. Both programs are only approved for exceptional managers in good standing.

15.

In March 2024, Plaintiff was told by Vornbrock not to recruit both days at a NSBE (National Society of Black Engineers) conference, however Vornbrock

allowed the Plaintiff and others to recruit at predominantly Caucasian schools and events for multiple days.  Plaintiff was not allowed to expense any dinners at NSBE, but was allowed to expense dinners for other trips.

## 16.

In April 2024, Plaintiff informed Vornbrock that two of his direct reports, a protected woman and a foreign national, were being overworked.  Instead of investigating or taking corrective action, Vornbrock instead lectured Plaintiff for defending a female foreign national and a male foreign national direct report, and intensified the harassment he directed at Plaintiff in retaliation for Plaintiff's actions.

## 17.

In April 2024, Plaintiff notified Intuitive Surgical that he was going to need to take leave pursuant to the Family and Medical Leave Act to care for his spouse who was having medical complications related to a pregnancy.

## 18.

When a Caucasian colleague of Plaintiff's committed a larger number of errors on a project the team was working on, Vornbrock blamed Plaintiff for the delay the errors caused on the project, giving Plaintiff a negative performance

review while promoting the colleague, preparing a paper record for purposes of terminating Plaintiff.

19.

In May 2024, Vornbrock informed Plaintiff for the first time that he had serious concerns about Plaintiff's work performance, in clear retaliation for Plaintiff's standing up for his black, foreign national and female direct reports and in retaliation for Plaintiff's intended medical leave.

20.

In May 2024, Plaintiff consulted with HR again for the harassment, bullying, and discrimination he believed he was being subjected to by Vornbrock. Also in May, Vornbrock admitted to not having a fair way of ranking employees, and Vornbrock received one of the worst scores in fairness in the company survey.

21.

In response, HR determines that Vornbrock's complaints about Plaintiff's performance do not warrant a Performance Improvement Plan and they dismiss Vornbrock's first efforts to discipline Plaintiff in this manner. Another HR representative states that there were no specific matters that brought their attention, however a May 2024 email from the Plaintiff to HR details each complaint.

22.

In June 2024, the harassment of the Plaintiff starts to affect his pregnant wife mentally and physically. Vornbrock forces the Plaintiff to take meetings during his lunch and after normal working hours, which is a different treatment than his other reports. In June, 2024, Plaintiff prepared to take Family and Medical Act leave to care for his disabled spouse.  One day after Plaintiff notified management he was preparing to take this leave, Vornbrock presented Plaintiff with a Performance Improvement Plan ("PIP") based on fabricated and false performance evaluations that were motivated by Vornbrock's own practice of discrimination and his reaction to Plaintiff's refusals to go along with that practice. Noticeable absent on the PIP were any references to established company metrics ("CIP Goals"), Ways of Work (the companies' time and attendance policy) or any reference to any formal complaints about the Plaintiff. The initial PIP contained errors including inflammatory statements such as "Plaintiff is late to all meetings". When the Plaintiff responded that the PIP was not factual, and he had objective evidence he was on time to meetings, and the PIP was very subjective, he was told "You are too focused on the facts".  When told that Vornbrock admitted he was usually 5 minutes late to meetings, Intuitive did not address this issue, nor was Vornbrock reprimanded. Intuitive updated the PIP to remove any reference to "late to all

meetings" but kept the other errors in the document. The same day he was given a PIP letter, Plaintiff gave the keynote ending presentation for his "Leaders in Action Program" where he was given high praise by Ervin Santana, HR manager. Plaintiff took his leave without signing the PIP, and informed the Intuitive Surgical legal team, which had led employee relations training on discrimination, about the treatment he was receiving at the hands of Vornbrock. Vornbrock also formally requested that the Plaintiff take all of his leave at one time, and requested that the Plaintiff send formal work communications even after he acknowledged his leave.

23.

When Plaintiff returned to work at Intuitive Surgical following his Family and Medical Leave, he received is certificate of completion of the highly prestigious "Leaders in Action" program.  At that same time, Vornbrock restarted his campaign of intimidation and harassment against Plaintiff with false accusations and the spread of misinformation about Plaintiff's job performance, in part as a result of Plaintiff taking medical leave and as part of Vornbrock's campaign of harassment, intimidation, discrimination, and retaliation, intending to have Plaintiff's employment terminated.

24.

In September 2024 Vornbrock again requested that the Plaintiff sign a PIP, and again the PIP contained a large number of errors and references to out of date information. Vornbrock then took another week to edit and submit a third PIP – which the Plaintiff did not sign. The third PIP letter included as part of the Plaintiff's performance, the travel visa and immigration status of one of the Plaintiff's reports who was a foreign national. Plaintiff committed to doing all tasks that were reasonable to be completed by a person in his position. Vornbrock led an off site meeting where he address that he had very low scores on fairness on the company survey, and he asked the Plaintiff to lead the discussion on developing a non-biased way to rank employees output, since Vornbrock did not have such a system. When some the Plaintiffs colleagues, who present as white, were 30 min late to this off-site meeting, the Plaintiff did not chastise them formally but instead took them out to partake in alcoholic drinks and dinner. During this off-site meeting Vornbrock expressed "If I don't like someone, I am not going to promote them" and "how I feel about someone changes my perception of their performance".

25.

Intuitive Surgical knew of Vornbrock's campaign of illegal conduct directed at Plaintiff and at Plaintiff's direct reports and chose to do nothing to stop that campaign, and as a consequence, it approved and is responsible for that conduct. Intuitive also informed Vornbrock of pending legal action, violating their own company protocols on internal investigations.

26.

Plaintiff filed a timely Charge of Discrimination with the United States Equal Employment Opportunity Commission.  On or about November 5, 2024, Plaintiff received a Right-to-Sue Notice from the EEOC.

**COUNT I:  TITLE VII EMPLOYMENT DISCRIMINATION**
**Race, National Origin, and Skin Color**

27.

Plaintiff repeats and incorporates herein by reference the allegations of paragraphs 1 through 26 of the Complaint as though fully set forth herein.

28.

Plaintiff's skin color (Black), and his standing up for the rights of his direct reports who were being discriminated against based on their race, their skin color, and their national origin, were determining factors in Intuitive Surgical's discrimination against Plaintiff.

29.

Intuitive Surgical has given no reasonable explanation for the discrimination leveled against Plaintiff and his direct reports. Vornbrock's campaign to create a false negative record of Plaintiff's performance was intended to discriminate against Plaintiff on account of Plaintiff's skin color and as a consequence of Plaintiff's standing up for his direct reports who were being harassed and discriminated against by Vornbrock.

30.

Intuitive Surgical knowingly, willfully and intentionally discriminated against Plaintiff, as set forth above, in violation of Title VII, 42 U.S.C. §2000e et seq.

WHEREFORE, Plaintiff prays:

1. That this action to be tried by jury;

2. That the Court grant judgment in favor of Plaintiff against Intuitive Surgical on this Claim;

3. That Plaintiff recover damages on this Claim for compensatory damages, including back pay, front pay and attorney's fees;

4. And that Plaintiff receive such other relief as is just and proper.

## COUNT II:  RETALIATION IN VIOLATION OF TITLE VII

31.

Plaintiff repeats and incorporates herein by reference the allegations of paragraphs 1 through 30 of the Complaint as though fully set forth herein.

32.

Plaintiff's standing up for his direct reports against the discrimination being leveled against them by Vornbrock was a determining factor in Vornbrock's subsequent campaign of false accusations and misinformation directed against him.

33.

Intuitive Surgical has given no reasonable explanation for the treatment it directed at him.  Plaintiff's work record at Intuitive Surgical was falsely impugned almost from the beginning, as part of a campaign to create a paper record to be used against him, as a direct result of his standing up against the discrimination practices and the treatment he and his black, foreign national, and female direct reports were afforded, and has resulted in the creation of a false and misleading paper trail in his employment file calculated to discredit him and to result in his termination.

34.

Intuitive Surgical knowingly, willfully and intentionally retaliated against Plaintiff, as set forth above, in violation of Title VII, 42 U.S.C. § 2000e, et seq.

35.

As a direct and proximate result of Intuitive Surgical's retaliation against him, Plaintiff has suffered emotional and economic damages.

WHEREFORE, Plaintiff prays:

1. That this action to be tried by jury;

2. That the Court grant judgment in favor of Plaintiff against Intuitive Surgical on this Claim;

3. That Plaintiff recover damages on this Claim for compensatory damages, including back pay, front pay and attorney's fees;

4. And that Plaintiff receive such other relief as is just and proper.

## <u>COUNT III:  TITLE I EMPLOYMENT DISCRIMINATION</u><br><u>Americans with Disabilities Act</u>

36.

Plaintiff repeats and incorporates herein by reference the allegations of paragraphs 1 through 35 of the Complaint as though fully set forth herein.

37.

Plaintiff's standing up for the rights of his direct report with a disability, who was being discriminated against based on that disability including an attempt to force Plaintiff to terminate that employee, were determining factors in Intuitive Surgical's discrimination against Plaintiff.

38.

Intuitive Surgical has given no reasonable explanation for the discrimination leveled against Plaintiff and his direct report here.  Vornbrock's campaign to create a false negative record of Plaintiff's performance was intended to discriminate against Plaintiff on account of Plaintiff's standing up for his direct report who was being harassed and discriminated against by Vornbrock.

39.

Intuitive Surgical knowingly, willfully and intentionally discriminated against Plaintiff, as set forth above, in violation of Title I, 42 U.S.C. §12111 et seq.

WHEREFORE, Plaintiff prays:

1. That this action to be tried by jury;

2. That the Court grant judgment in favor of Plaintiff against Intuitive Surgical on this Claim;

3.  That Plaintiff recover damages on this Claim for compensatory damages, including back pay, front pay and attorney's fees;

4.  And that Plaintiff receive such other relief as is just and proper.

## COUNT IV:  RETALIATION IN VIOLATION OF ADA

40.

Plaintiff repeats and incorporates herein by reference the allegations of paragraphs 1 through 39 of the Complaint as though fully set forth herein.

41.

Plaintiff's standing up for his direct report against the discrimination being leveled against that employee by Vornbrock was a determining factor in Vornbrock's subsequent campaign of false accusations and misinformation directed against him.

42.

Intuitive Surgical has given no reasonable explanation for the treatment it directed at him.  Plaintiff's work record at Intuitive Surgical was falsely impugned almost from the beginning, as part of a campaign to create a paper record to be used against him, as a direct result of his standing up against the discrimination practices and the treatment his disabled direct reports was afforded, and has

resulted in the creation of a false and misleading paper trail in his employment file calculated to discredit him and to result in his termination.

43.

Intuitive Surgical knowingly, willfully and intentionally retaliated against Plaintiff, as set forth above, in violation of Title I, 42 U.S.C. §12111 et seq., et seq.

44.

As a direct and proximate result of Intuitive Surgical's retaliation against him, Plaintiff has suffered emotional and economic damages.

WHEREFORE, Plaintiff prays:

1.  That this action to be tried by jury;

2.  That the Court grant judgment in favor of Plaintiff against Intuitive Surgical on this Claim;

3.  That Plaintiff recover damages on this Claim for compensatory damages, including back pay, front pay and attorney's fees;

4.  And that Plaintiff receive such other relief as is just and proper.

## COUNT V:  VIOLATIONS OF FAMILY AND MEDICAL LEAVE ACT

45.

Plaintiff repeats and incorporates herein by reference the allegations of paragraphs 1 through 44 of the Complaint as though fully set forth herein.

46.

Plaintiff's decision to take leave pursuant to the Family and Medical Leave Act, 29 U.S.C. §2601 et seq., was a determining factor in Intuitive Surgical's decision to harass, discipline and then to terminate Plaintiff.

47.

Intuitive Surgical has given no reasonable explanation for the harassment leveled against Plaintiff following his decision to take medical leave under the FMLA.  Vornbrock's campaign to create a false negative record of Plaintiff's performance was intended to lead to Plaintiff's termination.

48.

Intuitive Surgical knowingly, willfully and intentionally violated the terms of the FMLA as set forth above, in violation of 29 U.S.C. §2601 et seq.

WHEREFORE, Plaintiff prays:

1.  That this action to be tried by jury;

2. That the Court grant judgment in favor of Plaintiff against Intuitive Surgical on this Claim;

3. That Plaintiff recover damages on this Claim for compensatory damages, including back pay, front pay and attorney's fees;

4. And that Plaintiff receive such other relief as is just and proper.

## COUNT VI:  RETALIATION IN VIOLATION OF FMLA

49.

Plaintiff repeats and incorporates herein by reference the allegations of paragraphs 1 through 48 of the Complaint as though fully set forth herein.

50.

Plaintiff's decision to take medical leave pursuant to the FMLA was a determining factor in Vornbrock's subsequent campaign of false accusations and misinformation directed against him as retaliation for that decision.

51.

Intuitive Surgical has given no reasonable explanation for the treatment it directed at him.  Plaintiff's work record at Intuitive Surgical was falsely impugned almost from the beginning but it accelerated after he announced his need to take medical leave.  This campaign to create a paper record to be used against him was

accelerated and was used as a basis to terminate his employment at Intuitive

Surgical, as a direct result of his decision to take medical leave.

52.

Intuitive Surgical knowingly, willfully and intentionally retaliated against

Plaintiff, as set forth above, in violation of the FMLA, 29 U.S.C. §2601 et seq..

53.

As a direct and proximate result of Intuitive Surgical's retaliation against

him, Plaintiff has suffered emotional and economic damages.

WHEREFORE, Plaintiff prays:

1. That this action to be tried by jury;

2. That the Court grant judgment in favor of Plaintiff against Intuitive

   Surgical on this Claim;

3. That Plaintiff recover damages on this Claim for compensatory damages,

   including back pay, front pay and attorney's fees;

4. And that Plaintiff receive such other relief as is just and proper.

This 4th day of February, 2025.

Respectfully submitted,


**Welsh Law, LLC**


By:  _____/s/ Michael S. Welsh_____
        Michael S. Welsh
        Georgia Bar No. 005541
        Attorney for Plaintiff


Welsh Law, LLC
275 14th Street, NW, Suite 200
Atlanta, Georgia 30318
404-890-0044
678-890-0100 (fax)
michael@welshlaw.info

## FONT CERTIFICATION

I do hereby certify that this document was created using Times New Roman font in 14 point.

By:    _____/s/ Michael S. Welsh_____
         Michael S. Welsh
         Georgia Bar No. 005541
         Attorney for Plaintiff


         Welsh Law, LLC
         275 14th Street, NW, Suite 200
         Atlanta, Georgia 30318
         404-890-0044
         678-890-0100 (fax)
         michael@welshlaw.info